# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA KAUFFMAN<br>217 Cleveland Street, Apt. B<br>Bristol, PA 19007 | :<br>:<br>: CIVIL ACTION<br>: |
| Plaintiff,<br>v. | : DOCKET NO.:<br>:<br>: |
| ST. MARY MEDICAL CENTER<br>1201 Langhorne-Newtown Road<br>Langhorne, PA 19047 | : **JURY TRIAL DEMANDED**<br>:<br>: |
| Defendant. | :<br>: |

## CIVIL ACTION COMPLAINT

Rebecca Kauffman (hereinafter referred to as "Plaintiff," unless indicated otherwise), by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Plaintiff against St. Mary Medical Center for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff asserts, *inter alia*, that she was unlawfully terminated from St. Mary Medical Center. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of civil rights under the ADA.

---

[1] Plaintiff will move to amend the instant lawsuit to include violations of the PHRA, which will identically mirror her ADA claims, once her administrative remedies are exhausted before the PHRC.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff is proceeding herein under the ADA and has properly exhausted her administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant St. Mary Medical Center (*hereinafter* "Defendant") is a medical facility in Bucks County Pennsylvania at the above-captioned address providing medical, hospital, emergency, surgical and general health-care services.

9. At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a 38-year-old female.

12. Plaintiff was employed by Defendant for approximately six (6) years.

13. At all times relevant to the claims in the instant lawsuit, Plaintiff was employed by Defendant as an overnight unit clerk.

14. Plaintiff suffers from various health problems, including but not limited to, chronic migraines, vertigo, seizure-related problems, a sleep disorder, neurological problems, and other complications/effects of her conditions (i.e. fatigue, light sensitivity, dizziness, etc...).

15. Plaintiff has suffered with the aforesaid health problems for many years, and she has obtained continuing treatment in the past and through the present for such problems, which at times limit her ability to communicate, concentrate, and work (among other life activities).

16. During her employment, Plaintiff was primarily supervised by one Kathy Krol, a manager who supervised Plaintiff for Plaintiff's last approximate three (3) years of employment with Defendant.

17. In the 1-2 months preceding Plaintiff's termination from Defendant (in October of 2012, discussed *infra*), Plaintiff: (a) discussed her health problems with her management; (b) identified that she was having exacerbated symptoms and complications; (c) identified that she would likely need intermittent time off from work to care for her medical problems; and (e) accommodations related to light sensitivity problems (i.e. being able to close her eyes at times).

18. Plaintiff was terminated from Defendant on or about October 26, 2012 shortly after discussing her health needs with her management.

19. The alleged reason for Plaintiff's termination was suspicion of sleeping on the job despite that Plaintiff was not sleeping and that Defendant was aware Plaintiff had to - at times - close her eyes due to extraordinary light sensitivities.

20. Plaintiff was specifically terminated based upon her known and/or perceived health conditions and not properly accommodated medically.

### First Cause of Action
### Violations of the Americans with Disabilities Act, as Amended ("ADAAA")
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)

21. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

22. Plaintiff has and continues to suffer from qualifying disabilities under the ADAAA, including but not limited to RA, which at times limits her ability to perform some daily life activities.

23. Defendant discriminated against and retaliated again Plaintiff by terminating her because of her (1) known, actual and/or perceived health problems; (2) record of health problems; (3) because of her requested accommodations; and/or (4) because she expressed opposition to Defendant's management about how she was being treated based upon her health needs.

24. Additionally, Defendant failed to accommodate Plaintiff's disabilities when it refused to give Plaintiff short breaks to close her eyes and/or to allow her to close her eyes at varying times when she became dizzy or impacted in other ways by her health conditions.

25. These actions as aforesaid constitute violations of the ADAAA.

## Count II
## Violations of the Family and Medical Leave Act ("FMLA")
### (Interference & Retaliation)

26. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

27. Plaintiff was obtaining medical treatment for her progressively worsening health problems in the second half of 2012.

28. Plaintiff was qualified in all respects to be eligible for leave under the FMLA, and she specifically advised her management that she would need periodic time off from work for her health problems.

29. Plaintiff also needed to miss some FMLA-qualifying time from work via work-related breaks and health care treatment.

30. Plaintiff was terminated: (a) for engaging in protected activity by requesting intermittent leave; (b) to prevent her from taking intermittent medical leave; (c) to dissuade her and others from taking FMLA leave; and (c) in retaliation for exercising her FMLA rights.

31. These actions as aforesaid constitute both interference and retaliation violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, pension(s), reinstatement, and seniority;

B.     Plaintiff is to be awarded liquidated or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct;

C.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate, including for emotional distress;

D.     Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

E.     Plaintiff shall be permitted to have a trial by jury as requested in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf
3331 Street Road
Two Greenwood Square
Building 2, Ste. 128
Bensalem, PA 19020
(215) 639-0801

Dated: August 6, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Rebecca Kauffman : CIVIL ACTION
v. :
St. Mary Medical Center : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

8/13/2013          Ari R. Karpf               Plaintiff
**Date**           **Attorney-at-law**        **Attorney for**

(215) 639-0801     (215) 639-4970             akarpf@karpf-law.com
**Telephone**      **FAX Number**             **E-Mail Address**

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 217 Cleveland Street, Apt B, Bristol PA 19007

Address of Defendant: 1201 Langhorne-Newtown Rd Langhorne PA 19047

Place of Accident, Incident or Transaction: Defendants place of business
(Use Reverse Side For Additional Space)

---

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒

---

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Ari R. Karpf, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 9/13/2013    _____ Attorney-at-Law    ARK2484    Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/13/2013    _____ Attorney-at-Law    ARK2484    Attorney I.D.# 91538

CIV. 609 (5/2012)

%JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KAUFFMAN, REBECCA

**(b)** County of Residence of First Listed Plaintiff: Bucks

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)
Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS
ST. MARY MEDICAL CENTER

County of Residence of First Listed Defendant: Bucks

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 362 Personal Injury - Med. Malpractice | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 365 Personal Injury - Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 320 Assault, Libel & Slander | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 330 Federal Employers' Liability | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 340 Marine | **PERSONAL PROPERTY** | **LABOR** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 861 HIA (1395ff) | ☐ 890 Other Statutory Actions |
| | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | | | ☐ 720 Labor/Mgmt. Relations | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **FEDERAL TAX SUITS** | ☐ 864 SSID Title XVI |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 865 RSI (405(g)) |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | **IMMIGRATION** | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 462 Naturalization Application | |
| | | | ☐ 463 Habeas Corpus - Alien Detainee | |
| | | | ☐ 465 Other Immigration Actions | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Americans w/Disabilities Act "ADA" 42USC12101

Brief description of cause:
Violations of the ADA and the Pennsylvania Human Relations Act "PHRA"

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____ DOCKET NUMBER _____

Explanation:

DATE: 8/13/2013

SIGNATURE OF ATTORNEY OF RECORD

[ Print ] [ Save As... ] [ Export as PDF ] [ Retrieve PDF File ] [ Reset ]